JjKNOLL, Judge.
The narrow issue presented in this appeal is whether the trial court awarded an inadequate amount of damages in this personal injury lawsuit. Ojeeg J. Bourque, Jr. (Bourque) brought suit against Barbara R. Hendrix and her insurer, State Farm Mutual Automobile Insurance Company (State Farm), for injuries he received when Hendrix rear-ended his automobile. Hendrix and State Farm stipulated liability and the parties jointly submitted the case to the trial court on depositions and briefs for the determination of quantum. The trial court awarded Bourque $207.25 for medical expenses and $3,000.00 for past pain and suffering. This appeal followed the trial court’s denial of Bourque’s motion for a new trial.
The trial court summarized the facts in its written reasons as follows:
On March 9, 1992, at approximately 9:19 p.m., plaintiff, O.J. Bourque, was driving a 1992 Volvo and was struck in the rear by a 1990 Honda driven by defendant, Barbara Hendrix. Defendant Hendrix testified that it had been raining and her vehicle skidded into the rear of plaintiffs vehicle after she applied her brakes.
12Photos showed damage to the plaintiffs vehicle was very minor. The plaintiff was the business finance manager for Giles Auto Sales in Lafayette and the Volvo involved in the accident was a demonstrator used by the plaintiff. The bumper cover was replaced to insure the vehicle’s warranty would be honored upon sale of the car but otherwise, no damage resulted to the vehicle.
Plaintiff drove home from the accident. Three (3) days later, on March 12, 1992, plaintiff went to the Walk-in Clinic at the Medical Center of Southwest Louisiana and was examined by Dr. Lisa Smith. Plaintiff complained of pain in his left flank and left lumbar area. Dr. Smith examined the plaintiff, diagnosed a soft tissue muscular strain, prescribed a pain reliever and instructed the plaintiff to forego strenuous exercise. Dr. Smith further told the plaintiff that if his pain did not subside within fourteen (14) days he should seek additional medical help through a family doctor or an orthopedist.
Plaintiff waited nine (9) months before seeking additional medical help. Plaintiff saw Dr. Louis Blanda on December 3, 1992. Dr. Blanda examined plaintiff, found minimal tenderness and ordered x-rays [sic] and an MRI. Dr. Blanda found plaintiff had a muscular ligament problem and an arthritic or degenerative condition or a combination thereof which was causing his lower back pain ... Dr. Blanda stated that plaintiff did not require special orthopedic care and prescribed physical therapy and some anti-inflammatory drugs.
Plaintiff has gone to Red’s Health Club to relieve his pain through exercise and whirlpool therapy. Plaintiff claims that he is still in pain two (2) years after the accident. Plaintiff has lost only three (3) days of work from his alleged pain; first to see Dr. Smith, then nine (9) months later when he saw Dr. Blanda and when he underwent the MRI.
After considering the facts, the trial court stated its reasons for limiting Bourque’s quantum award. It explained:
The Court finds that the plaintiff sustained a soft tissue injury as a result of the March 9, 1992 accident. However, because the plaintiff waited nine (9) months before seeking further medical care and because there is no medical finding relating the plaintiffs current pain to the accident, the Court finds that plaintiffs alleged current pain has not been proven to be more prob *587 ably than not related to the accident of March 9, 1992.
Bourque contends that the trial court manifestly erred by penalizing him for waiting nine months to seek additional medical attention and by finding that he failed Uto prove by a preponderance of the evidence that the accident was the cause of his current back pain.
Much discretion is left to the trial court in the assessment of damages in tort cases. La.Civ.Code art. 2324.1. When an appellate court reviews a trial court’s general damage award the basic question it asks is whether the trier of fact abused its discretion in making the award. Reck v. Stevens, 373 So.2d 498 (La.1979). In Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert, denied, — U.S. —, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), the Louisiana Supreme Court stated that “[t]he initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the ‘much discretion’ of the trier of fact.” Id. at 1260. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reasons, be considered either excessive or insufficient. Reck, 373 So.2d 498. Moreover, it is well established that the discretion vested in the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Youn, 623 So.2d at 1257.
In his appellate brief, Bourque asserts that he was continuously in pain after he first obtained medical treatment from Dr. Lisa Smith, a general practitioner. He contends that he waited nine months before seeking another physician, because Dr. Smith told him that it would take time for his soft tissue back injury to heal. The trial court chose not to believe Bourque in this regard. Instead, the trial court concluded that it was unreasonable to believe Bourque’s assertions of continued pain. He reviewed Dr. Smith’s testimony and concluded that Dr. Smith advised him to seek further after-care if his pain did not decrease within fourteen days. We have carefully previewed the record and do not find that the trial court was clearly wrong in making this factual determination adverse to Bourque.
Bourque next contends that the trial court was clearly wrong in his conclusion that Dr. Blanda’s medical testimony did not provide a causative link between the accident and the pain he suffered nine months later.
From the outset, we refer to the well-established legal principle that “[o]ne injured through the fault of another is entitled to full indemnification for the damages caused thereby.” Jordan v. The Travelers Ins. Co., 257 La. 995, 1006-1007, 245 So.2d 151, 155 (1971). Furthermore, it is axiomatic that a trial court’s determination of causation is a question of fact that will not be disturbed by a reviewing court unless it is clearly wrong.
Dr. Blanda, an expert orthopedic surgeon, testified that he first saw Bourque on December 3, 1992 and February 9, 1992, for complaints of low back pain. Bourque told him that the pain coincided with his automobile accident. Plain X rays of Bourque’s lower spine showed degenerative changes in the lumbosacral area as well as spondylolis-thesis. An MRI confirmed the plain X ray findings and showed no evidence of a herniated disc. Dr. Blanda opined that the degenerative disc changes were not the result of the accident. He summarized Bourque’s complaints as typical mechanical or muscular complaints and stated that he found no evidence of muscle spasm. Dr. Blanda did not think that Bourque would need surgery and that his problems could be treated conservatively through conditioning and physical therapy. In the end, Dr. Blanda stated that the accident caused Bourque to suffer a back strain and that his chronic, recurring back problems were also probably related to the accident, since he failed to treat the problem initially.
IsAfter reading the medical testimony, it is clear that Dr. Blanda thought that the accident initially caused Bourque to suffer a back strain. We can also say that Dr. Blanda thought that any recurring back problems were also related to the accident. However, since Bourque’s complaints of continued pain were purely subjective and since the trial *588 court disbelieved Bourque’s assertions of continued pain because of his nine month lapse of treatment, we cannot say that the trial court was manifestly erroneous in denying general damages for this purported continuation of injury, together with the medical expenses for Dr. Blanda’s examination and the related costs for the MRI.
In conclusion, although we find the trial court’s award is on the low side and we may have awarded a higher amount had we been the trier of fact, we are not allowed to substitute our opinion for that of the trial court. Accordingly, we cannot say that the trial court’s award is clearly erroneous.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Ojeeg J. Bourque, Jr.
AFFIRMED.
SAUNDERS, J., dissents.